[L. A. No. 9772.  In Bank.—March 13, 1929.]

In the Matter of the Petition of CARRIE A. LEWIS for Appointment of Trustee. CORNELIA J. MURRAY et al., Appellants, v. CARRIE A. LEWIS, Respondent.

Stewart & Stewart for Appellants.

Faucett & Ring for Respondent.

LANGDON, J.—Carrie A. Lewis filed a petition in the superior court, setting forth the following facts: That on May 29, 1925, H. W. Hopkins, as trustee, Cornelia J. Murray and petitioner as *cestuis que trustents* made and executed a certain trust agreement covering certain described real property, a copy of which is attached to the petition; that by the terms thereof it was provided that in the event of the demise or resignation of the said H. W. Hopkins, as said trustee, R. F. Davis was to succeed him in said trusteeship; that prior to the filing of the petition Hopkins resigned, his resignation was accepted and immediately thereafter Davis succeeded Hopkins as trustee and ever since has been and now is the trustee of said trust estate; that on October 25, 1926, said Davis tendered his resignation as trustee in writing and said petitioner accepted said resignation, subject to the approval of the court; that no property or assets of any kind has come into the possession or control of said Davis and no accounting is necessary. It is then alleged that petitioner is in all respects competent to nominate a trustee and that one, Emma L. Wagner, is a fit and proper person for such trustee, and it is prayed that she be appointed as such. It appears that the trust is, primarily, to furnish support and maintenance to petitioner during her lifetime, with the remainder after her death to Cornelia J. Murray or her estate.

Cornelia J. Murray, Paul and A. T. Stewart filed an answer and counter-petition, in which they deny the resignation of Hopkins as trustee and the incumbency of Davis as such; deny the extent of the property as set forth in the petition and assert that Hopkins is chargeable as trustee; deny that petitioner is competent to nominate a trustee

and deny that Emma L. Wagner is a fit and proper person for trustee. It is then asserted that by an agreement dated May 26, 1926, the parties to the original trust instrument and in addition thereto, Paul and A. T. Stewart, entered into another agreement whereby Hopkins was directed and consented to deed all the property of the trust estate to Emma L. Wagner, for the necessary care and support of Carrie A. Lewis during her lifetime and the remainder to be divided, two-fifths to the Stewarts and three-fifths to Cornelia J. Murray. It is alleged that Emma L. Wagner made it appear to counter-petitioners that she had assumed control of said property under said agreement. There are also other allegations to the general effect that Emma L. Wagner was conspiring with petitioner and was not a fit and proper person for the trustee under the trust.

The evidence adduced on the hearing is not before us, as the appeal is on the judgment-roll alone. The trial court, however, found that all the allegations of the petition were true, except that an additional parcel of real property was included in the trust. It finds with reference to the agreement of May 26, 1926, that it was ineffectual for any purpose and null and void and of no effect. There is no intimation in the record of the basis of this finding, and respondent has not seen fit to favor the court with a brief. The trial court also found that Emma L. Wagner was a fit and proper person to be appointed as trustee; that upon the resignation of Hopkins, Davis became and continued trustee until October 25, 1926, subject to the power of the court to require an accounting from either of them. Emma L. Wagner was appointed trustee, accordingly, from which order an appeal has been taken.

There is nothing in the record to show any error in the proceedings. Appellant asserts that a question of law alone is presented, but for aught that appears in the record, the evidence may have shown that the purported agreement of May 26, 1926, was never signed by petitioner or Hopkins or that it was signed under duress, mistake or undue influence.

The judgment and order appealed from are affirmed.

Preston, J., Shenk, J., Richards, J., Seawell, J., Waste, C. J., and Curtis, J., concurred.